UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
                                       :
UNITED STATES OF AMERICA               :
                                       :    CONSENT PRELIMINARY ORDER
        - v. -                         :    OF FORFEITURE AS TO SPECIFIC
                                       :    PROPERTY/MONEY JUDGMENT
MICHAEL KEHOE,                         :
                                       :    S1 25 Cr. 178 (JSR)
        Defendant.                     :
                                       :
------------------------------------ x

WHEREAS, on or about May 28, 2025, MICHAEL KEHOE (the "Defendant"), was charged in a Superseding Indictment, S1 25 Cr. 178 (JSR) (the "Indictment"), with conspiracy to steal government funds and misappropriate USDA benefits, in violation of Title 18, United States Code, Section 371 (Count One); theft of government funds, in violation of Title 18, United States Code, Sections 641 and 2 (Count Two); and misappropriation of USDA benefits, in violation of Title 7, United States Code, Section 2024(b); Title 18, United States Code, Section 2 (Count Three);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, and the following specific property;

> a. Any and all funds contained in TD Bank, N.A. account number 6808368848 (the "Subject Account") held in the name of the Defendant, and seized by the Government on or about October 4, 2024;

WHEREAS, the Indictment also included a forfeiture allegation as to Counts One and Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 7, United States Code, Section 2024(f), Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, used in a transaction or attempted transaction, to commit, or to facilitate the commission of, unauthorized use, transfer, acquisition, alteration, or possession of benefits; or presentation for payment or redemption of benefits that have been illegally received, transferred, or used; or proceeds traceable to such violations, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Three of the Indictment and any and all funds contained in the Subject Account;

WHEREAS, in or about October 2024, the Government seized approximately $1,023,547.82 in United States currency from the Subject Account (the "Specific Property);

WHEREAS, on or about _____9/10/25_____, the Defendant pled guilty to Count Two of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Two of the Indictment and agreed to forfeit to the United States, pursuant to, Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money equal to $1,023,547.82 in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Indictment, which includes all right, title, and interest of the Defendant in the Specific Property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,023,547.82 in United States currency representing the amount of proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes proceeds of the offense charged in Count Two of the Indictment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Joseph Zabel, of counsel, and the Defendant and his counsel, Brian Griffin, Esq., that:

1.    As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $1,023,547.82 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2.    As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is

hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant MICHAEL KEHOE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.    All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.    The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.    Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.    Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally

published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14.     The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property/Money Judgment may be executed in one or more counterparts, each of which

will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____          9/3/2025
        JOSEPH ZABEL                                               DATE
        Assistant United States Attorney
        26 Federal Plaza
        New York, NY 10278
        (212) 637-1559


MICHAEL KEHOE

By: _____          9\10\25
        MICHAEL KEHOE                                         DATE


By: _____          9\10\25
        BRIAN GRIFFIN, ESQ.                               DATE
        Attorney for Defendant
        666 Old Country Rd.
        Suite 305
        Garden City, New York 11530


SO ORDERED:

_____          1/6/25
HONORABLE JED S. RAKOFF                        DATE
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

MICHAEL KEHOE

**Consent
Order of Restitution**

S1 25 Cr. 168 (JSR)

---

Upon the application of the United States of America, by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, Joe Zabel, Assistant United States Attorney, of counsel; the presentence investigation report; the defendant's conviction on Count Two of the Superseding Indictment; and all other proceedings in this case, it is hereby ORDERED that:

### 1.    Amount of Restitution

MICHAEL KEHOE, the defendant, shall pay restitution, as provided in Paragraph 3, in the total amount of $30,000,000, pursuant to 18 U.S.C. § 3663(a)(3), to the United States Department of Agriculture ("USDA"), Food and Nutrition Service, P.O. Box 979027, Lock Box 9027, St Louis, MO. 63197-9000, the victim of the offenses charged in Count Two.  Payments are to be made to the SDNY Clerk of Court who, in turn, will disburse those payments to the victim at the address stated above.  Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of Court is authorized to send payments to the new address without further order of this Court.

### A.    Joint and Several Liability

The total restitution amount owed by the defendant to the USDA is $30,000,000. This restitution is joint and several with the following defendants in this case:

2025.02.20

Omar Alrawashdeh: $30,000,000 of KEHOE's restitution amount is joint and several with Omar Alrawashdeh.

Mohamad Nawafleh: $30,000,000 of KEHOE's restitution amount is joint and several with Nawafleh.

Emad Alrawashdeh: $30,000,000 of KEHOE's restitution amount is joint and several with Emad Alrawashdeh.

Gamal Obaid: $30,000,000 of KEHOE's restitution amount is joint and several with Obaid.

The defendant's liability to pay restitution shall continue unabated until either the defendant has paid the full amount of restitution ordered herein, or every victim has recovered the total amount of loss from the restitution paid by the defendant and all co-defendants ordered to pay the same victims for the same loss.

2.    **Schedule of Payments**

Pursuant to 18 U.S.C. § 3664(f)(2) (incorporating § 3572), in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, the defendant shall pay restitution in the manner and according to the schedule that follows:

The total amount of restitution is due immediately; however, in the interest of justice, restitution will be payable in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2). While serving any term of imprisonment, the defendant shall make installment payments toward restitution and may do so through the Bureau of Prisons' (BOP) Inmate Financial Responsibility Plan (IFRP). Any unpaid amount remaining upon release from prison will be paid in monthly installments of at least 10 percent of the defendant's gross income. This schedule is without

2025.02.20                                    2

prejudice to the Government taking enforcement actions, pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A), to the extent warranted.

### 3.    Payment Instructions

The defendant shall make restitution payments by certified check, money order, or online. Instructions for online criminal debt payments are available on the Clerk of Court's website at https://nysd.uscourts.gov/payment-information#PaymentofCriminalDebt.  Checks   and   money orders shall be made payable to the "SDNY Clerk of Court" and mailed or delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611.  The defendant shall write his/her name and the docket number of this case on each check or money order.

### 4.    Change in Circumstances

The defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Program) of (1) any change of the defendant's name, residence, or mailing address or (2) any material change in the defendant's financial resources that affects the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

### 5.    Term of Liability

The defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b).  Subject to the time limitations in the preceding sentence, in the event of the death of the defendant, the defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

2025.02.20                                3

AGREED AND CONSENTED TO:

Jay Clayton
United States Attorney for the
Southern District of New York

By: _____

Joe Zabel                                          9/3/2025
26 Federal Plaza                                   _____
New York, NY 10278                                 DATE
Tel.: (212) 637 – 1559


By: _____

Michael Kehoe                                      _____
                                                   DATE


By: _____

Brian J. Griffin                                   _____
666 Old Country Rd.                                DATE
Suite 305
Garden City, New York 11530



SO ORDERED:

_____

HONORABLE JED S. RAKOFF                            ___1/6/26___
UNITED STATES DISTRICT JUDGE                       DATE


2025.02.20                          4